UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>         Plaintiff,<br><br>    v.<br><br>D. KATZ, et al.,<br><br>         Defendants. | No. 2:19-cv-00467-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed December 9, 2019, the undersigned screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 10. Plaintiff has filed a first amended complaint. ECF No. 19.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

## II. Allegations in the First Amended Complaint

The allegations in the first amended complaint concern plaintiff's treatment following his report of suicidal ideation on or about July 30, 2018 while an inmate in the Psychiatric Services Unit ("PSU") at California State Prison-Sacramento. Plaintiff specifically contends that defendant D. Katz gestured to the tower to cut off power to plaintiff's cell "to inflame plaintiff and[/]or engender a further mental lapse…." ECF No. 19 at 7. According to plaintiff, this was done in retaliation for plaintiff's report of feeling suicidal and was deliberately indifferent to plaintiff's right to safety.

Once defendant Halie Williams, staff psychologist, arrived to speak with plaintiff, she refused to ask defendant Katz to leave so that plaintiff could speak with her privately about why he felt suicidal. Defendant Williams cut off plaintiff's responses to her questions "to try evoking violent responses…." ECF No. 19 at 10. Plaintiff also alleges that defendant Williams failed to sign a CDCR Form 22 that he gave her. This form was ultimately signed by a different staff member.

Once defendant Williams left, plaintiff was informed by defendant Katz that he would receive a Rules Violation Report ("RVR") for failing to exit his cell. Plaintiff alleges that the issuance of this RVR violated his right to due process, his First Amendment right to be free from retaliation, as well as California state law.

Regarding the remaining four named supervisory defendants in this action, plaintiff alleges that they knowingly hired and/or retained employees who violated his constitutional rights.

## III. Legal Standards

**A. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### B. False Disciplinary Charges

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

### C. Verbal Abuse

"[V]erbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Verbal harassment intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

### D. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

1 each Government official, his or her title notwithstanding is only liable for his or her own
2 misconduct."). When the named defendant holds a supervisory position, the causal link between
3 the defendant and the claimed constitutional violation must be specifically alleged; that is, a
4 plaintiff must allege some facts indicating that the defendant either personally participated in or
5 directed the alleged deprivation of constitutional rights or knew of the violations and failed to act
6 to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d
7 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### E. Linkage Requirement

9 The civil rights statute requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
11 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
13 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
14 in another's affirmative acts or omits to perform an act which he is legally required to do that
15 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
16 Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must
17 link each named defendant with some affirmative act or omission that demonstrates a violation of
18 plaintiff's federal rights.

### IV.   Analysis

20 The court has reviewed plaintiff's first amended complaint and finds that it fails to state a
21 claim upon which relief can be granted under federal law. In this court's prior screening order,
22 plaintiff was advised of the legal standards governing claims of retaliation, due process violations,
23 and verbal abuse. ECF No. 10 at 4-5. The allegations in the amended complaint once again fail
24 to meet any of these standards for stating a claim for relief. Plaintiff fails to plead a retaliation
25 claim against defendant Katz because reporting suicidal ideation and refusing to exit a cell is not
26 protected conduct. See Rhodes, 408 F.3d at 567-68. Nor does defendant Katz's issuance of an
27 allegedly false RVR establish a due process claim. The allegations of verbal abuse by defendant
28 Williams fail to state a claim for relief because plaintiff does not assert that he was humiliated or

endangered by her verbal taunts. See Somers, 109 F.3d at 622. In his amended complaint, plaintiff has added four supervisory officials as defendants. However, these supervisors are not liable for the acts of their subordinates absent their personal participation in the asserted constitutional violations. See Fayle, 607 F.2d at 862; Taylor, 880 F.2d at 1045; Mosher, 589 F.2d at 441. For all of these reasons, the undersigned recommends dismissing plaintiff's first amended complaint for failing to state a claim upon which relief may be granted.

**V.     Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, plaintiff has not even attempted to cure any of the deficiencies described in this court's prior screening order. He restated the same factual allegations and named additional supervisory defendants who are not liable as a matter of law for the actions of their subordinates. For this reason, the undersigned recommends denying further leave to amend the complaint.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to further amend the complaint would be futile because you were not able to fix any of the previously identified problems with the original complaint.  As a result, it is recommended that you not be granted further leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 21 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 19) be dismissed without further leave to amend for failing to state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 25, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hamm0467.F&R.docx